Original
No. 82-208

ROBERT B. MONIER, PRESIDENT
NEW HAMPSHIRE SENATE

v.

HUGH J. GALLEN, GOVERNOR, & a.

May 21, 1982

*Richard A. Hampe*, of Concord, by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Deborah J. Cooper*, deputy attorney general, and *Ronald F. Rodgers*, attorney, on the brief, and *Ms. Cooper* orally), for the defendants.

*Winograd Professional Association*, of Concord (*I. Michael Winograd* on the brief and orally), for Richard E. Boyer, intervenor.

PER CURIAM.   This action is a petition requesting that this court exercise its original jurisdiction to resolve an apparent impasse that has developed with respect to the redistricting of the New Hampshire Senate and to ensure a timely and orderly electoral process with respect to the 1982 senatorial elections. The petition requests the court to declare that the present senatorial districts

violate the Constitution of New Hampshire and the Constitution of the United States and that the 1982 senatorial elections should be conducted pursuant to the redistricting plan which was adopted by both houses of the General Court but vetoed by the Governor (Senate Bill 1). In the alternative, we are requested to authorize the 1982 senatorial elections to be conducted pursuant to the existing districts notwithstanding their disparity in population.

Pursuant to New Hampshire Constitution, pt. 2, art. 26, Senate Bill 1, an act reapportioning the State senatorial districts, was introduced in the senate on April 10, 1981. It passed the senate on May 7, 1981, and was introduced in the house of representatives on May 18, 1981, where it died in committee on June 30, 1981, pursuant to Joint Rule 24. Senate Bill 1, an act reapportioning the State senatorial districts, was introduced November 17, 1981, and passed the senate, after amendment, on February 10, 1982. It was introduced in the house of representatives on February 15, 1982, passed the house of representatives on April 13, 1982, and was then vetoed by the Governor on April 20, 1982. An attempt to override the Governor's veto failed on May 13, 1982.

The filing period for State offices opens on June 2, 1982, with a State primary scheduled for September 14, 1982. A general election is scheduled for November 1982.

The 1980 federal census establishes the population of the State of New Hampshire at 920,610 which would establish the ideal population for each of the twenty-four senatorial districts at 38,359. The present State senatorial districts vary in population from a high of 50,701 in District 9 to a low of 29,360 in District 1, which is a total deviation of 55.7 percent.

The senatorial districts proposed in Senate Bill 1 vary in population from a high of 39,860 in District 14 to a low of 36,930 in District 20, which is a total deviation of 7.6 percent.

The defendants argue that this matter should not be before the court because it is beyond the scope of our jurisdiction. *See* RSA 490:4 (Supp. 1979). On the other hand, our fundamental charter states that the "judicial power of the state shall be vested in the supreme court. . . . " N.H. CONST. pt. II, art. 72-a; *see also id.* pt. II, art. 74. This controversy arises under our Constitution. As we observed in an earlier dispute between a speaker of the house and a Governor:

> "[The] solution involves an interpretation of our State constitution . . . relative to the executive and legislative branches of our government. This is a traditional function conferred on the judiciary for which it is responsi-

ble. It is not within the competence of the other two branches and consequently does not fall within the bar against confiding political questions to the courts. N.H. CONST. pt. I, art. 37, pt. II, art. 72-a; *Cloutier v. State Milk Control Bd.*, 92 N.H. 199, 201–02, 28 A.2d 554, 556 (1942); *see Powell v. McCormack*, 395 U.S. 486 (1969)."

*O'Neil v. Thomson*, 114 N.H. 155, 159, 316 A.2d 168, 170 (1974).

■ The petition before us is a "particularly appropriate action when the parties desire and the public need requires a speedy determination of the important issues in controversy." *Id.*, 316 A.2d at 170. It is the role of this court in our co-equal, tripartite form of government to interpret the Constitution and to resolve disputes arising under it. We would shirk our duty were we to decline to act in this case merely because our task is a difficult one.

■ While we have jurisdiction to resolve reapportionment cases, *see Levitt v. Maynard*, 105 N.H. 447, 202 A.2d 478 (1964), we are cognizant that:

"Reapportionment 'is primarily a matter of legislative consideration and determination, and . . . judicial relief becomes appropriate only when a legislature fails to reapportion according to Federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so.' "

*Id.* at 451, 202 A.2d at 481 (citing *Reynolds v. Sims*, 377 U.S. 533, 586 (1964)); *see Preisler v. Secretary of State*, 238 F. Supp. 187, 191 (W.D. Mo. 1965).

The June 2 filing date is fast approaching. This court will issue appropriate orders on or after Friday, May 28, 1982, at 10:00 a.m., unless a senate reapportionment plan has properly become law by that time.

*Jurisdiction retained.*